# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DOUGLAS JOHNSON, #03634-027**, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 04-741-JPG |
| | ) |
| **RANDY DAVIS**, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Petitioner, an inmate in the United States Penitentiary in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the validity of the 29-year sentence he is currently serving. In 1992, Petitioner was convicted of aggravated bank burglary, use of a firearm during a crime of violence, and possession of a firearm by a felon. On direct appeal, Petitioner challenged the house search, the use of a photo array for identification, and a sentencing enhancement under U.S.S.G. § 2K2.1. Each of those arguments was rejected; his conviction and sentence were affirmed. *United States v. Johnson*, 12 F.3d 1103, Case No. 93-2071MN (8th Cir., decided Nov. 29, 1993). Petitioner subsequently filed a motion under 28 U.S.C. § 2255; that motion was denied. *Johnson v. United States*, Case No. 97-cv-894-ADM (D.Minn., filed April 14, 1997).

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be

notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Petitioner contends that he is one of those for whom the Section 2255 motion is inadequate or ineffective to test the legality of his detention. However, the fact that Petitioner may be barred from bringing a second Section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial

rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." *Davenport,* 147 F.3d at 611 (emphasis added). The Circuit later clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

In the instant case, Petitioner challenges the validity of a prior state court conviction for auto theft in Indiana, which he claims was used to enhance his federal sentence. Specifically, he states that the auto theft conviction was the result of a guilty plea made on the advice of counsel, advice so poor as to constitute ineffective assistance of counsel. The sole basis for this contention seems to be a statement Counsel made at the state court sentencing, a statement that Petitioner interprets as Counsel's assertion that Petitioner was innocent.[1] According to the sentencing transcript, the relevant portion of which is attached to the instant petition, Counsel stated:

> There is nothing in the record to show that he actually stold *[sic]* a car or that he was stripping it or anything of that nature. He was driving it and knew it to be stolen. He came into possession of the vehicle eventually by being told that it was available for use. And while he does fall within the statute, I think it's different than someone who is stealing a vehicle and stripping it or is involved in some sort of ring in doing that.

*State v. Johnson*, Cause No. 45G03-9008-CF-00148 (Lake County, Indiana; transcript of sentencing hearing held Nov. 7, 1990) (Doc. 1, Exh. 1-3).

This statement does not support Petitioner's contention that he is "actually innocent" of one of the state crimes was used to enhance his federal sentence. Rather, this statement concedes Petitioner's guilt of being in knowing possession of a stolen vehicle. Although the state statute at

---

[1] Petitioner's argument for ineffective assistance of counsel seems to be that if Counsel believed him to be innocent, Counsel should not have advised him to plead guilty to the charges.

issue is not mentioned, the Court takes judicial notice of the current Indiana statute regarding auto theft, a statute that has remained virtually unchanged since 1987.

> A person who knowingly or intentionally exerts unauthorized control over the motor vehicle of another person, with intent to deprive the owner of ... the vehicle's value or use ... commits auto theft, a Class D felony.

IC § 35-43-4-2.5(b)(1).

Counsel's statement acknowledges that Petitioner's actions did, in fact, fall within the elements of the crime as defined in this statute, and therefore Petitioner's interpretation of Counsel's statement is incorrect. It follows that his reliance upon this statement as evidence of Counsel's ineffectiveness is misplaced.

Petitioner also claims that he was unable to present this claim sooner because "petitioner's state court sentencing proceeding was not disclosed to petitioner until 2004" (Doc. 1, p. 5), thus precluding his counsel in the federal proceeding from making the arguments contained in the instant petition. As support for this argument, Petitioner attaches an exhibit a copy of an order from the Indiana state court dated January 28, 2004, granting his request for copies of relevant documents in his state court case.

Petitioner's argument is without merit. First, the Indiana sentencing hearing was held on November 7, 1990, yet Petitioner waited over 13 years to request a transcript or copies of any pleadings from that case. Second, a claim that the sentencing proceeding "was not disclosed" to him prior to 2004 is blatantly misleading; the exhibits attached to the instant petition clearly state that Petitioner was present for that hearing. To claim now that he did not know what happened at that state court hearing in 1990, or that he was unable to advise his counsel of those proceedings prior to his federal sentencing in 1992, is disingenuous at best, if not patently false.

Therefore, Section 2241 cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**Dated: October 13, 2005**

                                                **s/ J. Phil Gilbert**
                                                **U. S. District Judge**